A. O. SMITH CORPORATION, Plaintiff-Appellant,

v.

Zena OGLESBY and Labor & Industry Review Commission,
Defendants-Respondents.†

Court of Appeals

*No. 81–825. Submitted on briefs March 18, 1982.—
Decided April 27, 1982.*
(Also reported in 323 N.W.2d 143.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *G.W. Haight,* of Milwaukee.

For defendant-respondent Zena Oglesby the cause was submitted on the brief of *Thomas J. Flanagan* and *Virginia M. Antoine* of *Goldberg, Previant, Uelmen, Gratz, Miller & Bruggeman, S.C.,* of Milwaukee.

For the defendant-respondent Labor and Industry Review Commission the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Randa, J.

RANDA, J. This is an appeal from an order affirming an award of compensation by the Labor and Industry Review Commission (DILHR) to Zena Oglesby (claimant). The compensation awarded was for alleged hearing loss incurred by the claimant while in the employ of A.O. Smith Corporation (appellant). The appellant contends that DILHR's award of compensation should be set aside and that DILHR be instructed that the claimant's application for worker's compensation benefits be dismissed. We affirm.

Claimant was hired by appellant on July 10, 1947 and retired from the employ of the appellant effective January 31, 1978. Pursuant to sec. 102.555, Stats., and 7 Wis. Adm. Code sec. IND 80.25, as amended effective October 1, 1975, an award of $1,514.50 was made to claimant for his hearing loss incurred while employed by appellant.

Section 102.555, Stats., entitles employees to compensation for permanent total or partial hearing loss, but does not establish a formula for determining whether hearing loss has occurred or the extent of the employee's loss. DILHR adopted a formula for making this determination when it promulgated sec. IND 80.25 in 1956. Section IND 80.25, as amended in 1975, lowers the threshold at which

a compensable hearing loss will be found to have occurred and often increases the extent of loss that a claimant will be found to have suffered.[1] Without the 1975 amendment to IND 80.25, claimant would not have been entitled to compensation. The appellant contends that DILHR may not by general administrative rule increase worker's compensation payable for an injury and thus, the claimant is not entitled to compensation.

The legislature may delegate to an administrative agency the authority to make such rules as are necessary to effectuate the laws it has enacted, *Brown County v. Department of Health & Social Services,* 103 Wis. 2d 37, 43, 307 NW2d 247, 250 (1981), provided that the purpose of the law is ascertainable and adequate procedural safeguards exist to insure the agency acts within its authority. *Klisurich v. Department of Health & Social Services,* 98 Wis. 2d 274, 280, 296 N.W.2d 742, 745 (1980). Because of an agency's expertise, agencies are "granted a great deal of latitude in regulatory matters . . . ." *Wisconsin's Environmental Decade v. Public Service Commission,* 81 Wis. 2d 344, 351, 260 N.W.2d 712, 716 (1978).

DILHR was authorized to promulgate and amend rules in the worker's compensation area. Secs. 102.39, 101.02 (1) and 227.014(2), Stats. We conclude that 7 Wis. Adm. Code, sec. IND 80.25, is a valid exercise of its power conferred by sec. 227.014(2)(a). DILHR has not exceeded its statutory authority by its 1975 amendment of sec. IND 80.25 nor is sec. IND 80.25 contrary to statutory law.

---

[1] Under DILHR's 1975 amendment of 7 Wis. Adm. Code, sec. IND 80.25, compensation is based on hearing impairment at the 1,000, 2,000, and 3,000 decibel levels rather than the former decibel levels of 500, 1,000, and 2,000. Furthermore, under the amendment, DILHR allows compensation for tinnitus which it did not do previously.

Our supreme court has frequently held that great weight should be given to an agency's interpretation and application of its own rules, unless that application or interpretation is plainly erroneous or inconsistent with the regulation being interpreted. *Vonasek v. Hirsch & Stevens,* 65 Wis. 2d 1, 7, 221 N.W.2d 815, 818 (1974). This is especially true in an area of special expertise. *Id.* We do not determine DILHR's decision on the compensation award for the claimant to be plainly erroneous or inconsistent with the regulation so interpreted. Accordingly, we affirm.

*By the Court.*—Order affirmed.