Lenz Sales & Service, Inc., Plaintiff-Appellant,

v.

Wilson Mutual Insurance Company, Defendant,

Bob Schuchardt Insurance Company, Defendant-Respondent.

Court of Appeals

*No. 92-1488. Submitted on briefs January 15, 1993.—Decided March 10, 1993.*

(Also reported in 499 N.W.2d 229.)

250

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel C. Conway* and *Stephen R. Leopold* of Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Bruce A. Olson* and *Susan R. Tyndall* of *Hinshaw & Culbertson* of Milwaukee.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   The plaintiff, Lenz Sales & Service, Inc., appeals from the trial court's order granting summary judgment in favor of the defendant, Bob Schuchardt Insurance Company. On appeal, Lenz argues that the trial court erred in finding Schuchardt did not have a duty to advise Lenz of the adequacy of its insurance and in not reforming the policy to provide full coverage for the contents it lost in a fire. Because we conclude that Schuchardt had no duty to recommend a higher level of coverage and there are no disputed issues of material fact, we affirm.

Jerome and Shirley Lenz owned and operated Lenz Sales & Service, Inc., a small business primarily engaged in auto maintenance and the sale of used cars located in Fond du Lac. Shirley also operated a gift shop out of the same building as the automobile business. In August 1985, Jerome contacted Robert Konick, an agent working for Schuchardt, and requested insurance to cover the full replacement cost value of the contents of their building.

Schuchardt obtained the insurance through Wilson Mutual Insurance Company. The policy provided that in the event of a loss, Lenz would receive the full replace-

ment value for the contents of the building, subject to a limit of $18,500. Lenz concedes that the policy issued would have been adequate to fully replace the contents of the building in 1985.

The policy was renewed annually. Despite substantial growth in the business since 1985, the Lenzes admittedly never requested a change in the policy limits. The Lenzes maintain they were under the continuing belief that they had purchased full coverage, equating the term "full replacement cost coverage" with "unlimited replacement cost coverage."

On August 23, 1991, fire destroyed the Lenzes' building and its contents, causing damage of approximately $200,000. Wilson tendered payment to Lenz in the amount of $18,500, pursuant to the policy limits. The Lenzes refused the offer and requested payment for the entire cost of replacing the contents, relying on their belief that they had ordered a policy to insure the contents of the building for "full replacement costs."

Lenz filed suit naming Wilson, the insurance company, and Schuchardt, the insurance agency. The complaint requested relief under two alternative theories: (1) the agent was negligent in failing to obtain the insurance requested and negligent thereafter in failing to advise Lenz that the contents coverage was inadequate; or (2) the inclusion of the $18,500 limit on contents coverage was a mutual mistake and therefore the policy should be reformed to cover the entire loss.

On April 30, 1992, the trial court granted Wilson's motion for declaratory judgment on the grounds that its policy did not provide for coverage beyond the policy limits of $18,500. The court also granted Schuchardt's motion for summary judgment on the grounds that its agents had no duty to advise the Lenzes of the adequacy of their coverage and were therefore entitled to judgment

as a matter of law. Lenz appeals from the summary judgment entered in favor of Schuchardt.

We employ a *de novo* review of the trial court's order granting summary judgment. *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651, 476 N.W.2d 593, 597 (Ct. App. 1991). If no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law, then the trial court must grant summary judgment and we must affirm. *Id.* at 652, 476 N.W.2d at 597-98.

## NEGLIGENCE

The substantive issue before the court is whether Schuchardt had a duty after 1985 to update the contents limit of the Lenzes' policy or to advise them regarding the adequacy of coverage. The Lenzes argue that they specifically requested full replacement cost coverage for the contents of their building, and that Schuchardt was negligent for failing to increase the policy limits upon renewal to correspond with the present value of the Lenzes' contents in order to maintain full replacement cost coverage.

In order to sustain a claim for negligence, a plaintiff must show a duty owed by the defendant. *See Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132, 135 (1976). The question of an insurance agent's duty to an insured presents an issue of law which we decide *de novo*. *Meyer v. Norgaard*, 160 Wis. 2d 794, 798, 467 N.W.2d 141, 142 (Ct. App. 1991).

In *Nelson v. Davidson*, 155 Wis. 2d 674, 456 N.W.2d 343 (1990), our supreme court considered the question of whether or not an insurance agent has a duty to inform the insured of the existence of uninsured motorist cover-

age. The court followed the majority rule that while an insurance agent has the duty to act in good faith and carry out the insured's instructions, the nature of that duty does not impose upon the insurance agent the affirmative obligation, absent special circumstances, to advise a client regarding the availability or adequacy of coverage. *Id.* at 681–82, 456 N.W.2d at 345–46.

We hold that *Nelson* controls the issue of Schuchardt's duty in this case. Accordingly, absent special circumstances, we conclude that Schuchardt had no duty to advise the Lenzes regarding the adequacy of their policy limits for contents replacement.

Although the *Nelson* court reviewed an agent's duty to advise an insured of the availability of uninsured motorist coverage, the same public policy concerns discussed in *Nelson* also support our decision that an agent has no duty to advise an insured regarding the adequacy of its policy limits.[1] For example, imposing liability on the insurer for failing to advise an insured of the adequacy of its coverage relieves insureds of their obligation to take care of their own financial needs. In this case the Lenzes were in a better position to know the value of

---

[1] The court in *Nelson* listed the following considerations in support of its decision: (1) imposing liability on the insurer for failure to advise insureds of available coverage relieves insureds of their obligation to take care of their own financial needs; (2) imposition of the duty to advise regarding various coverages may obligate the insurer to advise of all insurance options, even competitors' packages; (3) insureds could assert that they would have purchased greater coverage had it been offered, thereby providing insureds the opportunity to insure after the loss. See *Meyer v. Norgaard*, 160 Wis. 2d 794, 798-99, 467 N.W.2d 141, 142-43 (Ct. App. 1991) (citing *Nelson v. Davidson*, 155 Wis. 2d 674, 679-80, 456 N.W.2d 343, 345 (1990)).

their equipment and the amount of insurance necessary to fully protect it than their insurance agent.

The Lenzes argue that this is not a *Nelson* case because, unlike the agent in *Nelson*, Schuchardt's agent failed to carry out the Lenzes' specific instructions—to provide them with an insurance policy which included full replacement cost coverage for contents. We disagree.

It is clear from the record that in 1985, Schuchardt initially provided the Lenzes with an insurance policy providing full replacement cost coverage for the contents of their building as requested. Initially it was determined that an $18,500 limit would suffice to fully replace the contents of the building. The Lenzes themselves do not dispute that the initial coverage would have been sufficient to provide replacement coverage for all the contents in existence in 1985. Accordingly, we conclude that there is no factual dispute related to the adequacy of coverage in 1985 and that Schuchardt's agent was not negligent because he did provide the Lenzes with full replacement cost coverage.[2]

Lenz argues for the first time on appeal that even if the *Nelson* rule is applied to this case, Schuchardt had a continuing duty to advise the Lenzes because "special circumstances" were created by Schuchardt's agents which created a duty beyond the standard insured-

---

[2] The court acknowledges that a factual dispute exists regarding how the $18,500 figure was reached. For example, Schuchardt maintains that its agent discussed the value of the contents with the Lenzes, while the Lenzes maintain they were never notified of the limit. However, this factual dispute is immaterial because the Lenzes admit that the $18,500 limit was adequate to provide full replacement cost coverage.

insurer relationship.[3] It is well established that Wisconsin appellate courts will generally not review an issue raised for the first time on appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980). A party must raise and argue an issue with some prominence to allow the trial court to address the issue and make a ruling. *State v. Salter*, 118 Wis. 2d 67, 79, 346 N.W.2d 318, 324 (Ct. App. 1984). Since Lenz failed to properly inform the trial court of the existence of any special circumstances, we conclude this issue has been waived. Accordingly, we conclude that Schuchardt had no duty to advise Lenz regarding the need for additional policy limits.

## REFORMATION

As an alternate basis of recovery the Lenzes argue that the insurance policy should be reformed to accurately reflect their belief that they had requested and purchased full replacement coverage for the entire contents of their building without limits. In order to sustain a cause of action for reformation, it must be shown that because of mutual mistake or fraud the policy does not contain provisions desired and intended to be included. *Trible v. Tower Ins. Co.*, 43 Wis. 2d 172, 182, 168 N.W.2d 148, 154 (1969). Mutual mistake is proven when the party applying for insurance proves that he or she made certain statements to the agent concerning the

---

[3] Lenz directs this court to two incidents in support of his argument that special circumstances were created: (1) Robert Konick, the agent who obtained the original policy, allegedly agreed to undertake an annual review of the policy and recommend changes in the policy; and (2) James Schuchardt, the new agent, in a meeting with the Lenzes shortly before the fire allegedly agreed by implication that the Lenzes had full replacement coverage for the entire contents of the building.

coverage desired, but the policy issued does not provide the desired coverage. *Id.*

The Lenzes argue that it was a mutual mistake that the policy included an $18,500 limit for contents replacement since they requested full replacement cost coverage. This argument necessarily fails for the same reason as the Lenzes' negligence claim. Once again, the facts indicate that in 1985 Schuchardt's agent gave the Lenzes full replacement cost coverage. Furthermore, Jerome Lenz testified in his deposition that he never actually read the policy, and if he had, he would have understood that there was an $18,500 limit for contents replacement which he knew would have been totally inadequate. Thus, while the Lenzes may have believed that they had purchased unlimited coverage, this was a mistaken belief which could have been prevented had they read the policy in subsequent years. We therefore cannot conclude that there was a mutual mistake requiring that the policy be reformed.

Because no genuine issue exists as to any material fact and Schuchardt did not owe a duty to Lenz to advise of a higher policy limit, we affirm.

*By the Court.*—Judgment affirmed.