IN RE the COMMITMENT OF Rayfe J. PAULICK:

STATE of Wisconsin, Petitioner-Respondent,

v.

Rayfe J. PAULICK, Respondent-Appellant.

Court of Appeals

*No. 96–3410. Submitted on briefs August 29, 1997.—Decided September 24, 1997.*

(Also reported in 570 N.W.2d 626.)

On behalf of the respondent-appellant, the cause was submitted on the brief of *Len Kachinsky* of *Kachinsky & Petit Law Offices* of Neenah.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Mary E. Burke*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J.   Rayfe J. Paulick appeals from an order finding him to still be a sexually violent person and denying the default petition for a hearing on discharge from commitment. The issue involves the required procedures for the probable cause hearing

under § 980.09(2)(a), STATS. We conclude that ch. 980, STATS., provides for annual review and allows the committed person to petition for release, with the trial court acting as the gatekeeper weeding out frivolous petitions by committed persons who allege that they are no longer dangerous and are fit for release. We do not interpret § 980.09(2)(a) as requiring more unless facts exist that warrant a hearing on whether the committed person is a sexually violent person. Accordingly, we affirm.

Paulick was convicted in 1989 of having sexual contact with children. After he was paroled in 1992, Paulick had continued contact with minors and his parole was revoked. Prior to his release, the State brought a petition under ch. 980, STATS., alleging that Paulick was a sexually violent person within the meaning of § 980.01(7), STATS. A jury agreed and Paulick was committed to a secure facility. This court upheld the jury verdict in an unpublished order dated April 2, 1997,[1] and the petition for review was denied.

The present appeal commenced when the six-month reexamination report written by Dr. Raymond Wood, Clinical Director of the Sexually Violent Person

---

[1] The evidence in support of the State's petition included a psychiatrist supervisor at the prison who testified that Paulick was at high risk for reoffending based on his level of participation and lack of victim empathy. A Department of Corrections psychologist diagnosed Paulick as having pedophilia and also believed that he was at high risk to engage in acts of sexual violence. Another psychologist confirmed the diagnosis of pedophilia and testified that Paulick had twenty-four of thirty-one risk factors associated with recidivism and there was a substantial risk that Paulick would commit future violent sexual acts. We concluded that this evidence, along with Paulick's behavior while released on supervision, supported the verdict.

Program, was filed with the committing court. Paulick did not sign the waiver of rights form on the notice accompanying the reexamination report. Accordingly, a probable cause hearing was held to determine whether facts existed which would warrant a hearing on whether Paulick is still a sexually violent person. Paulick was not permitted to attend the hearing, but his attorney was present. The court found that based on the report from the examining physician, which stated to a reasonable degree of professional certainty that Paulick remained a sexually violent person, there were no facts warranting a hearing on whether he is still a sexually violent person. Paulick appeals.

On appeal, Paulick questions whether § 980.09(2)(a), STATS., requires a probable cause hearing based on the reexamination report(s) received by the committing court, as was done in this case, or a full evidentiary hearing. This involves the interpretation or construction of a statute and its application to a set of undisputed facts. As such, it presents a question of law which this court reviews de novo. *See Kwiatkowski v. Capitol Indem. Corp.*, 157 Wis. 2d 768, 774–75, 461 N.W.2d 150, 153 (Ct. App. 1990).

When interpreting a statute, the threshold question is whether the statute in question is ambiguous. *See MCI Telecommunications Corp. v. State*, 209 Wis. 2d 310, 316, 562 N.W.2d 594, 597 (1997). A statutory provision is ambiguous if reasonable minds could differ as to its meaning. *See id.* " '[T]he ability of a statute to support more than one reasonable interpretation[ ] is the hallmark of ambiguity.' " *Id.* (quoted source omitted).

435

We conclude that § 980.09(2)(a), STATS., is ambiguous. This statute provides in part:

> [T]he notice and waiver form [shall be forwarded] to the court with the report of the department's examination under s. 980.07. If the person does not affirmatively waive the right to petition, the court shall set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person. The committed person has a right to have an attorney represent him or her at the probable cause hearing, but the person is not entitled to be present. . . .

*Id.* The statute is silent as to the precise procedural requirements of the probable cause hearing, other than prohibiting the committed person from attending.

The meaning of § 980.09(2)(a), STATS., however, becomes more clear when looking at related provisions. When interpreting a provision in a statute, it is proper, and perhaps even mandatory, that a court consider the language of the entire section at issue, and even that of related sections. *See State v. Barnes,* 127 Wis. 2d 34, 37, 377 N.W.2d 624, 625 (Ct. App. 1985).

Section 980.09(2)(b), STATS., requires the court to set a second hearing if it determines at the probable cause hearing that "probable cause exists to believe that the committed person is no longer a sexually violent person." At this second hearing, the person has the right to be present and is afforded the protections listed in § 980.03, STATS. *See* § 980.09(2)(b). Section 980.03(2) provides that "[e]xcept as provided in ss. 980.09(2)(a) and 980.10 and without limitation by enumeration," the person who is the subject of the petition has the

right to be represented by counsel, to remain silent, to present and cross-examine witnesses, and to have the hearing recorded. These rights are more kin to those of an "evidentiary hearing." *See* § 970.03(5), STATS. (All witnesses shall be sworn and their testimony reported. The defendant may cross-examine witnesses against the defendant and may call witnesses on the defendant's own behalf.)

The key to understanding § 980.09(2)(a), STATS., is a comparison to § 980.09(2)(b). The paragraph (a) probable cause hearing bars the committed person from the proceedings, and unlike the probable cause hearing in paragraph (a), the second hearing under paragraph (b) specifically entitles the committed person to the listed due process protections, as well as the right to be present at the hearing. The exclusion of the committed person in paragraph (a), and the specific enumeration of due process rights in paragraph (b), would be rendered meaningless if the protections of paragraph (b) were automatically afforded to the committed person under paragraph (a). In fact, such a construction of paragraph (a) would render paragraph (b) superfluous, a result to be avoided. *See State v. Koopmans*, 210 Wis. 2d 671, 678–79, 563 N.W. 2d 528, 532 (1997). We therefore conclude that § 980.09(2)(a) does not contemplate an evidentiary probable cause hearing like that provided in § 980.09(2)(b). Rather, the paragraph (a) probable cause hearing is a hurdle for the committed person to clear before he or she receives a paragraph (b) discharge hearing—once adequate cause is shown, a discharge hearing must be held.[2]

---

[2] *See* Drafter's Note, A.B. 955 (1993), *microformed on* LRB–2975/P2dn ("This redraft does not shift the burden to the committed person to prove . . . that he or she is no longer dangerous . . . [because] the redraft creates certain hurdles for a

Section 980.03(2), STATS., fits harmoniously within this interpretation. Section 980.03(2) provides four important due process rights, without limitation by enumeration, to a committed person *except in* § 980.09(2)(a), STATS., proceedings. The exception of these rights from paragraph (a) proceedings indicates that the legislature did not intend the probable cause hearing to be the equivalent of an evidentiary hearing.

Moreover, our supreme court in *State v. Post*, 197 Wis. 2d 279, 541 N.W.2d 115 (1995), *cert. denied*, 117 S. Ct. 2507 (1997), intimated that the stringent procedural safeguards of the initial commitment process obviate the need for strict standards on recommitment and that the procedures set forth in ch. 980, STATS., are constitutionally sufficient. The court in comparing ch. 980 commitment procedures to ch. 51, STATS., commitments concluded that "[t]he increased likelihood of accurate initial 980 commitment decisions reduces the need for some of the recommitment procedures that act as a safety net in chapter 51." *Post*, 197 Wis. 2d at 326, 541 N.W.2d at 132. The court further held that "the opportunities to seek release every six months and discharge annually are sufficient to meet constitutional demands and the state is not required to provide access to unlimited additional hearings unless adequate cause is shown." *Id.* at 327, 541 N.W.2d at 132.

We conclude that § 980.09(2)(a), STATS., does not contemplate an evidentiary-type hearing like that provided in § 980.09(2)(b). Rather, the probable cause hearing is a paper review of the reexamination

committed person to clear before he or she even gets a hearing [which] effectively requires a person to present some evidence that there is a real question as to whether he or she is still dangerous.").

report(s) with argument that provides an opportunity for the committing court to weed out frivolous petitions by committed persons alleging that they are no longer dangerous and are fit for release. This gatekeeping function promotes the effective management of limited judicial resources while simultaneously protecting the rights of the committed person. We therefore affirm the order.

*By the Court.*—Order affirmed.