In the Matter of the Guardianship of Paul M. Klisu-rich, Incompetent: Nick Klisurich, the guardian of the guardianship estate of Paul M. Klisurich, incompetent, Appellant,

v.

Department of Health & Social Services, Respondent.

Supreme Court

*No. 79–1066. Argued September 3, 1980.—*
*Decided September 30, 1980.*
(Also reported in 296 N.W.2d 742.)

For the appellant there was a brief by *Michael J. Cramer* and *Law Offices of Steve Enich* of Milwaukee, and oral argument by *Michael J. Cramer*.

For the respondent there was a brief and oral argument by *H. James Reul,* assistant collection and deportation counsel, of Madison.

BEILFUSS, C. J.  On May 23, 1979, an order was entered by the Milwaukee County Circuit Court directing Nick Klisurich, as guardian of the estate of Paul Klisurich, to pay the Department of Health and Social Services (H&SS) all funds available from the guardianship account in excess of $400. This order was issued under the authority of sec. 46.10(2), Stats. Nick Klisurich (guardian) appealed from this order. On September 13, 1979, this court granted a motion to bypass the court of appeals in the case of *In Matter of Guardianship of Nelson,* 98 Wis.2d 261, 296 N.W.2d 736 (1980). *See* sec. 809.60. Because of the similarity of the constitutional issues in these two cases, the court, on its own motion, took juris-

diction of this appeal pursuant to the authority granted under sec. 808.05(3).

There is no disagreement between the parties regarding any of the facts as they have been set forth in the briefs and in the decision by the trial court. On November 3, 1969, the ward Paul Klisurich plead not guilty and not guilty by reason of mental disease or defect to the charge of two counts of first-degree murder in violation of sec. 940.01, Stats. After a two-day trial, the court found that the defendant committed the crime as alleged but that he was not guilty by reason of mental disease or defect. The defendant, Paul Klisurich, was committed to Central State Hospital under the authority of sec. 957.11 (3), 1967 Stats.[1] He was thereafter transferred to Winnebago Mental Health Institute.

On May 23, 1978, H&SS filed a petition with the Milwaukee County Circuit Court alleging that the ward of Nick Klisurich (guardian) had been receiving care and maintenance at state institutions between July 31, 1975[2] and April 30, 1978. The petition further alleged that the cost of such care was $64,204.81, and as of February, 1976 the estate had a value of about $54,500. H&SS prayed for relief in the form of an order allowing the claim and directing payment thereof.

After a hearing, including the briefs and argument by counsel, the court entered the order described above.

This appeal presents three issues for our consideration:

1. Whether sec. 46.10(2) and (2m), Stats., which authorizes the collection of the cost of care and maintenance from persons admitted or committed to a state

---

[1] Presently codified at sec. 971.17(1), Stats.

[2] In 1975, sec. 46.10(2), Stats., was amended so as to expressly allow recovery of costs against persons committed to a mental health facility under sec. 971.17(1). The effective date of the law was July 31, 1975. No claim is made by H&SS for services rendered prior to that date. *See* Laws of 1977, ch. 39, sec. 347.

institution but which exempts persons in prisons from a similar liability violates the equal protection clause of the state or federal constitutions.

2. Whether the 1975 amendment[3] to sec. 46.10(2), Stats., which had an effective date of July 31, 1975, consitutes an *ex post facto* law as applied to Klisurich who was found not guilty by reason of mental disease or defect and was committed to a mental health facility pursuant to sec. 971.17(1) in 1969.

3. Whether secs. 46.10 and 46.03(18), Stats., which vest in H&SS the power to determine from whom payment will be sought and what amount will be required as payment, constitutes an unlawful delegation of legislative power in violation of art. IV, sec. 1 of the Wisconsin Constitution.

The first two issues presented by this appeal are controlled by our decision in *In Matter of Guardianship of Nelson, supra.* As decided therein, sec. 46.10(2), Stats., is not violative of the equal protection clauses of the federal or state constitution, nor does it constitute an *ex post facto* law as applied to someone who has been committed under sec. 971.17(1) prior to the effective date of the 1975 amendment.

The guardian in this case raises a third question not considered by the court in its *In Matter of Guardianship of Nelson,* decision. It is claimed that secs. 46.10 and 46.03(18), Stats., constitute an improper delegation of legislative power in violation of art IV, sec. 1 of the Wisconsin Constitution. That section provides that "[t]he legislative power shall be vested in a senate and assembly."

The guardian's objection is essentially that sec. 46.10 and 46.03(18), Stats., empower H&SS with standardless discretion to arbitrarily enforce liability against whomever it pleases for whatever amount it chooses. Our attention is directed to sec. 46.10(2) which provides that

---

[3] *See* fn. 2.

the department "may" enforce liability under that section. In further support of his position, the guardian notes that under sec. 46.03(18)(d), H&SS may waive or compromise, in entirety or in part, any liability. Sec. 46.03(18), which authorized H&SS to establish a uniform fee schedule, is also cited as evidence of improper delegation.

Before addressing the merits of the guardian's claim of unlawful delegation, his position must be placed in perspective. We do not view the department as having absolute discretion in its choice to enforce liability in the first instance. It cannot be denied that sec. 46.10(2), Stats., states that liability "may" be enforced. The mere presence of the word "may," however, does not in all cases give rise to a discretionary power or duty. *Schmidt v. Local Affairs & Development Dept.*, 39 Wis.2d 46, 53, 158 N.W.2d 306 (1968). In light of legislative intent, or due to the context within which the word is used, the term "may" is properly construed as mandatory in some cases. *Id. See also Wauwatosa v. Milwaukee County*, 22 Wis.2d 184, 191, 125 N.W.2d 386 (1963). The sentence in sub. (2) must be read in light of the mandatory language in sub. (3) of sec. 46.10:

"(3) After investigation of the ability to pay of the patient or relative liable for such maintenance, the department *shall* make collection from the patient or the person who in the opinion of the department under all of the circumstances is best able to pay, giving due regard to relationship and the present needs of the person or of the lawful dependents." (Emphasis added.)

To construe the duty under sec. 46.10 as discretionary and not as mandated by the statute would frustrate the purpose of the law, *i.e.*, to recoup costs expended for the benefit of individuals in state institutions. For these reasons we conclude the collection duty of H&SS is not a completely discretionary power, exercisable at the con-

venience and pleasure of that department. "While the statute may give [H&SS] some discretion, it does not give [it] authority to [act] arbitrarily, capriciously or without reason." *Schmidt v. Local Affairs & Development Dept., supra* at 53.

Secs. 46.10 and 46.03(18), Stats., do, however, give H&SS authority to set a uniform fee schedule and to evaluate a person's ability to pay. This has been done by administrative rule.[4] This authority is not an unlawful delegation of the legislative function.

The Wisconsin Constitution does not require that the legislative power be exclusively vested in a bicameral legislature. Such authority may be delegated. As early as 1928, Mr. Justice ROSENBERRY wrote:

> "The power to declare whether or not there shall be a law; to determine the general purpose or policy to be achieved by the law; to fix the limits within which the law shall operate,—is a power which is vested by our constitutions in the legislature and may not be delegated. When, however, the legislature has laid down these fundamentals of a law, it may delegate to administrative agencies the authority to exercise such legislative power as is necessary to carry into effect the general legislative purpose, in the language of Chief Justice MARSHALL 'to fill up the details;' in the language of Chief Justice TAFT 'to make public regulations interpreting the statute and directing the details of its execution.' It is legislative power of the latter kind which is oftentimes called the rule-making power of boards, bureaus, and commissions.
>
> "It only leads to confusion and error to say that the power to fill up the details and promulgate rules and regulations is not legislative power." *State ex rel. Wis. Inspection Bureau v. Whitman,* 196 Wis. 472, 505–06, 220 N.W. 929 (1928).

This court has recognized that the delegation of some law-making responsibilities is an essential element of the

---

[4] *See generally* 4 Wis. Adm. Code, HSS 1.01 *et. seq.*

efficient operation of government. *Schmidt v. Local Affairs & Development Dept., supra* at 58.

Since 1928, the law of delegation of legislative power has evolved to such an extent that the nature of the power delegated has become less and less a judicial concern. In *Watchmaking Examining Bd. v. Husar,* 49 Wis.2d 526, 182 N.W.2d 257 (1971), this court upheld the right of the legislature to delegate to an agency the authority to define the standards of workmanship and skill in the certification of watchmakers. *Id.* at 534. After noting the rule of *State ex rel. Wis. Inspection Bureau v. Whitman, supra,* the development of the law of delegation since 1928 was summarized:

"Later cases have stressed not the nature of the power delegated, but the reasonableness of consequent rules in light of the general legislative purpose, and, in addition, have stressed the necessity of procedural safeguards to prevent the abuse of delegated legislative power." *Id.*

Under our current case law, the concern has focused upon whether the legislation permits the board or agency to thwart the will of the legislature and whether the board or agency abused the authority which has been delegated to it. *See State v. Lambert,* 68 Wis.2d 523, 528, 229 N.W.2d 622 (1975).

It is now the rule in Wisconsin that a delegation of legislative power to a subordinate agency will be upheld if the purpose of the delegating statute is ascertainable and there are procedural safeguards to insure that the board or agency acts within that legislative purpose. *State (Dept. of Admin.) v. ILHR Dept.,* 77 Wis.2d 126, 134, 252 N.W.2d 353 (1977) ; *Westring v. James,* 71 Wis. 2d 462, 468, 238 N.W.2d 695 (1976) ; *Watchmaking Examining Bd. v. Husar, supra* at 536.

In applying this principle to the case at bar, it is clear beyond doubt that secs. 46.10 and 46.03(18), Stats.,

evince a defined legislative purpose and provide for procedural protections against potential abuse. The general purpose of the statutes in question is the recoupment of the costs of treatment. H&SS is delegated the authority to establish, in furtherance of this purpose, fee schedules and guidelines regarding ability to pay. We are not concerned in this case with a broad legislative policy statement which leaves to a board or agency the task of fashioning regulations to effectuate that policy. *See e.g.,* *State ex rel. La Follette v. Reuter,* 33 Wis.2d 384, 147 N.W.2d 304 (1967), (upholding a law authorizing the Department of Natural Resources to enact all necessary rules for the proper execution of a pollution control law). The policy and purpose of secs. 46.03 (18) and 46.10 are clear and well defined. Additionally, ample procedural safeguards exist to insure that H&SS's authority is not abused. By the terms of sec. 46.10 (5) the demand for payment by H&SS is enforceable as a court order or judgment only after a hearing on the petition for payment in the circuit court. The forum of the circuit court and the availability of a subsequent appeal exists to insure the fair and reasonable operation of the agency within the scope of the power it has been granted. *Cf.* *State (Dept. of Admin.) v. ILHR Dept., supra* at 135.

Secs. 46.10 and 46.03 (18), Stats., do not violate art. IV, sec. 1 of the Wisconsin Constitution. The authority delegated to H&SS in this case is well within the limits of the law.

*By the Court.*—Order affirmed.