IN RE the COMMITMENT OF Dennis R. THIEL:

STATE of Wisconsin, Petitioner-Respondent,

v.

Dennis R. THIEL, Respondent-Appellant.

Court of Appeals

*No. 00–0142. Submitted on briefs November 22, 2000.—Decided January 24, 2001.*

2001 WI App 32

(Also reported in 626 N.W.2d 26.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *John D. Lubarsky,* assistant state public defender, of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Sally L. Wellman,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Dennis R. Thiel appeals the circuit court's order denying his petition for discharge pursuant to WIS. STAT. § 980.09(2) (1997–98).[1] The circuit court held that insufficient facts were presented at the § 980.09(2)(a) probable cause hearing to warrant a full evidentiary hearing pursuant to § 980.09(2)(b). The circuit court also denied Thiel's request for a second, independent examination pursuant to WIS. STAT. § 980.07. Thiel argues that he was entitled to counsel at his § 980.09(2)(a) hearing and that the standards set forth in *State v. Klessig,* 211 Wis. 2d 194, 564 N.W.2d 716 (1997), for determining the validity of a waiver of the right to counsel apply. Thiel also argues that he was entitled to the appointment of an expert to conduct a second, independent examination. We agree with

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

both contentions. We therefore reverse the order of the circuit court and remand this matter for proceedings consistent with this opinion.

## FACTS

¶ 2. Thiel was civilly committed pursuant to WIS. STAT. ch. 980 on November 6, 1998. A reexamination of Thiel's condition was held on May 4, 1999, as required by WIS. STAT. § 980.07; and on May 11, 1999, a report of that examination was filed with the circuit court that committed him. The report, written by Psychologist/Senior Doctorate Travis Hinze and SVP Clinical Director Anthony Thomella, concluded that Thiel remained a sexually violent person and recommended continued confinement in a secure mental health facility.

¶ 3. Thiel did not waive his right to petition for discharge and the committing court, Judge Peter L. Grimm, scheduled a probable cause hearing pursuant to WIS. STAT. § 980.09(2)(a) to determine if sufficient evidence existed to warrant a full evidentiary hearing. On August 9, 1999, Thiel wrote to the circuit court, requesting information on his reexamination. Thiel asked the court to appoint an expert to assist him during the reexamination process and advised the court that he was indigent.

¶ 4. The circuit court responded in a letter dated August 30, 1999, advising Thiel that he had the right to an attorney at the probable cause hearing and that he could contact the State Public Defender's office for assistance if he was indigent. The circuit court advised Thiel that if the State Public Defender's office declined to appoint him counsel, Thiel could petition the county for assistance. The court denied Thiel's request for another expert at county expense.

¶ 5. On August 29, 1999, Thiel again wrote the court, requesting permission to proceed pro se, noting that he did not want to incur more debt. Thiel again asked the court to appoint him an expert to assist him. On September 2, 1999, Thiel sent the court an affidavit of indigency, and again asked the court to appoint him an expert to assist him. There is no evidence that the circuit court responded to this letter.

¶ 6. The WIS. STAT. § 980.09(2)(a) probable cause hearing was held on October 15, 1999. Thiel appeared by telephone without counsel. At the start of the hearing, the circuit court, at the suggestion of the district attorney, asked Thiel his position regarding counsel. Thiel answered, "At the present time I would like to proceed without counsel. The only thing that I was looking for was a motion for the expert witness psychologist to present my side of the case." There was no more discussion regarding Thiel's request to proceed pro se.

¶ 7. The court then considered and rejected Thiel's request for the appointment of an expert. At the end of the hearing, the circuit court concluded that there were insufficient facts to warrant a full evidentiary hearing regarding Thiel's condition. A written order memorializing this decision followed.

¶ 8. Thiel petitioned the circuit court for the appointment of counsel to pursue an appeal and filed another affidavit of indigency. The circuit court referred Thiel's request to the State Public Defender's office. On January 14, 2000, Thiel filed a notice of appeal.

¶ 9. On January 24, 2000, Thiel filed a motion with this court to stay further proceedings in this matter to permit a remand to the circuit court for an evidentiary hearing regarding the validity of his waiver of his right to counsel at the probable cause

hearing pursuant to *Klessig*. On February 9, 2000, we denied this motion, noting that a threshold question existed as to the applicability of *Klessig* to WIS. STAT. ch. 980 proceedings.

## DISCUSSION

¶ 10. We must decide whether the standards set forth in *Klessig* regarding the validity of a waiver of the right to counsel apply to WIS. STAT. ch. 980 proceedings and whether the decision to appoint an expert for an independent examination pursuant to WIS. STAT. § 980.07 is discretionary. Both issues involve questions of constitutional law and statutory interpretation. We are not bound by the circuit court's conclusions of law and decide these issues de novo. *State v. Smith*, 229 Wis. 2d 720, 724, 600 N.W.2d 258 (Ct. App. 1999).

¶ 11. WISCONSIN STAT. § 980.07 allows for periodic reexaminations of WIS. STAT. ch. 980 patients and states in relevant part:

> **(1)** If a person has been committed under s. 980.06 and has not been discharged under s. 980.09, the department shall conduct an examination of his or her mental condition within 6 months after an initial commitment under s. 980.06 and again thereafter at least once each 12 months for the purpose of determining whether the person has made sufficient progress to be entitled to transfer to a less restrictive facility, to supervised release or to discharge. At the time of a reexamination under this section, the person who has been committed may retain or, if he or she is indigent and so requests, the court may appoint a qualified expert or a professional person to examine him or her.

471

After his § 980.07 reexamination, Thiel petitioned the circuit court for discharge and a probable cause hearing was scheduled pursuant to WIS. STAT. § 980.09(2)(a). Section 980.09 states in relevant part:

> **(2)**(a) A person may petition the committing court for discharge from custody or supervision without the secretary's approval. At the time of an examination under s. 980.07(1), the secretary shall provide the committed person with a written notice of the person's right to petition the court for discharge over the secretary's objections. The notice shall contain a waiver of rights. The secretary shall forward the notice and waiver form to the court with the report of the department's examination under s. 980.07. If the person does not affirmatively waive the right to petition, the court shall set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person. *The committed person has a right to have an attorney represent him or her at the probable cause hearing, but the person is not entitled to be present at the probable cause hearing.* (Emphasis added.)

This § 980.09(2)(a) probable cause hearing is merely a paper review of all reexamination report(s) accompanied by argument from counsel, designed to allow the circuit court to eliminate any frivolous petitions, but not intended to be the equivalent of a full evidentiary hearing. *State v. Paulick*, 213 Wis. 2d 432, 438–39, 570 N.W.2d 626 (Ct. App. 1997). As noted, § 980.09(2)(a) specifically grants the committed person the right to counsel at this hearing.

■

¶ 12. Thiel argues that because WIS. STAT. § 980.09(2) guarantees the right to counsel at the probable cause hearing, the same standards and procedures

for resolving right to counsel issues in a criminal context should apply to the § 980.09(2)(a) probable cause hearing. We agree.

¶ 13. While WIS. STAT. ch. 980 actions are civil commitment proceedings, they share numerous procedural and constitutional features with criminal proceedings. *Smith*, 229 Wis. 2d at 727–28. WISCONSIN STAT. § 980.03(2) addresses the rights of persons subject to a ch. 980 petition and states:

> **(2)** Except as provided in ss. 980.09(2)(a) and 980.10 and without limitation by enumeration, at any hearing under this chapter, the person who is the subject of the petition has the right to:
>
> (a) Counsel. If the person claims or appears to be indigent, the court shall refer the person to the authority for indigency determinations under s. 977.07(1) and, if applicable, the appointment of counsel.
>
> (b) Remain silent.
>
> (c) Present and cross-examine witnesses.
>
> (d) Have the hearing recorded by a court reporter.

While § 980.03(2) does except hearings under WIS. STAT. § 980.09(2), both statutes specifically provide the right to counsel.

¶ 14. WISCONSIN STAT. § 980.05 addresses WIS. STAT. ch. 980 commitment trials and states in relevant part:

> **(1m)** At the trial to determine whether the person who is the subject of a petition under s. 980.02 is a sexually violent person, all rules of evidence in criminal actions apply. All constitutional rights available to a defendant in a criminal proceeding are available to the person.

¶ 15. All of the criminal trial safeguards available to a defendant in a criminal proceeding are specifically accorded to a WIS. STAT. ch. 980 patient at trial, not at reexamination; however, the same interests that direct those rights at trial are at stake at reexamination. The purposes of a ch. 980 commitment, at both the commitment and reexamination stage, are the protection of the community and the treatment of persons suffering from disorders that predispose them to commit sexually violent acts. *State v. Post*, 197 Wis. 2d 279, 313, 541 N.W.2d 115 (1995). However, Thiel's right to be free from physical restraint is "always . . . at the core of the liberty protected" by the United States Constitution. *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997) (citation omitted). We have held that WIS. STAT. §§ 980.03(2) and 980.05(1m) essentially incorporate the constitutional rights available to those accused of a crime into all ch. 980 proceedings. *State v. Zanelli*, 212 Wis. 2d 358, 370, 569 N.W.2d 301 (Ct. App. 1997). If a waiver of the right to counsel must comply with the mandates of *Klessig* during criminal proceedings, those same mandates must also apply to ch. 980 proceedings where the committed person is statutorily entitled to counsel.

¶ 16. Furthermore, individuals involuntarily committed pursuant to WIS. STAT. ch. 980 are also entitled to the patient's rights set forth in WIS. STAT. ch. 51, Wisconsin's Mental Health Act. *Post*, 197 Wis. 2d at 313–14; *State v. Anthony D.B.*, 2000 WI 94, ¶ 13, 237 Wis. 2d 1, 614 N.W.2d 435. Chapter 980 committed patients are defined as patients under ch. 51, WIS. STAT. § 51.61(1), and thus are afforded the same rights as other mental health patients. *Post*, 197 Wis. 2d at 313–14.

¶ 17. Wisconsin Stat. § 51.20 addresses the involuntary civil commitment of patients. Section 51.20(16) specifically addresses the reexamination of patients and allows for reexamination hearings.[2] Section 51.20(16)(c). Section 51.20(5) addresses hearing requirements and states in relevant part:

> The hearings which are required to be held under this chapter shall conform to the essentials of due process and fair treatment including . . . the right to counsel . . . .

Moreover, in *S.Y. v. Eau Claire County*, 162 Wis. 2d 320, 469 N.W.2d 836 (1991), the Wisconsin Supreme Court applied the criminal standards regarding waiver of the right to counsel to a Wis. Stat. ch. 51 proceeding. *S.Y.*, 162 Wis. 2d at 335. Thus, in ch. 51 proceedings, the *Klessig* standards apply to waivers of the right to counsel. Because the rights guaranteed to ch. 51 patients are also guaranteed to Wis. Stat. ch. 980 patients, the same *Klessig* standards must apply to all ch. 980 proceedings where the patient is statutorily entitled to counsel.

¶ 18. While Wis. Stat. chs. 980 and 51 both govern individuals committed as sexually violent persons, *Anthony D.B.*, 2000 WI 94 at ¶ 11, ch. 980 actually affords a patient greater protections than ch. 51. For

---

[2] Wisconsin Stat. § 51.20(16)(g) also demands that § 51.20(10) through (13) govern reexamination hearing procedures and provides that "[t]he privileges provided in ss. 905.03 and 905.04 shall apply to reexamination hearings." Wisconsin Stat. § 905.03 addresses the lawyer-client privilege. The application of the lawyer-client privilege during reexamination proceedings implies the right to counsel during said proceedings.

475

example, a person can only be committed under ch. 980 if a twelve-person jury unanimously finds that the commitment petition has been established beyond a reasonable doubt. WIS. STAT. § 980.03(3). This contrasts with ch. 51, which permits commitment on a five-sixths jury verdict by clear and convincing evidence. WIS. STAT. § 51.20(11), (13)(e). Despite some fundamental similarities to other commitment proceedings, ch. 980 ultimately is unique and distinct from other civil commitment chapters. *Smith*, 229 Wis. 2d at 728. If anything, a ch. 980 case is more akin to a criminal proceeding. *Id.* Thus, we conclude that the same *Klessig* standards used to determine the validity of a waiver of the right to counsel in criminal proceedings must apply to all ch. 980 proceedings where the committed person is statutorily entitled to counsel.

¶ 19. When an individual elects to proceed pro se, the circuit court must insure that the individual (1) has knowingly, intelligently and voluntarily waived his or her right to counsel, and (2) is competent to proceed pro se. *Klessig*, 211 Wis. 2d at 203. The specific requirements for a valid waiver of counsel were set forth by the Wisconsin Supreme Court in *Pickens v. State*, 96 Wis. 2d 549, 292 N.W.2d 601 (1980). *See also Klessig*, 211 Wis. 2d at 204. To establish a valid waiver of counsel, the circuit court must conduct a colloquy designed to ensure that the individual (1) made a deliberate choice to proceed without an attorney; (2) was aware of the challenges and disadvantages of self-representation; (3) was aware of the seriousness of the charges against him or her; and (4) was aware of the general range of penalties that could be imposed. *Id.* at 206.[3]

---

[3] *State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997), overruled *Pickens v. State*, 96 Wis. 2d 549, 292 N.W.2d

¶ 20. When an adequate colloquy is not conducted and relief is later sought from the circuit court's judgment, the circuit court must hold an evidentiary hearing to determine if the waiver was knowing, intelligent and voluntary. *Id.* at 206–07. Nonwaiver is presumed unless waiver is affirmatively shown to be knowing, intelligent and voluntary; the State has the burden of overcoming this presumption. *Id.* at 204. In this case, the testimony regarding Thiel's decision to proceed pro se was minimal:

> DISTRICT ATTORNEY: But there may, first of all, be a question of Mr. Thiel's desire for an attorney. I know the Court sent a letter to Mr. Thiel telling him about his right to a lawyer and he might inquire of the public defender if he could not afford one.
>
> . . . .
>
> COURT: . . . What is your statement on your retention or obtaining legal counsel?
>
> MR. THIEL: At the present time I would like to proceed without counsel.

As the circuit court did not conduct a colloquy in this case, it must now hold an evidentiary hearing to determine whether Thiel knowingly, intelligently and voluntarily waived his right to the assistance of counsel. *Id.* at 206. The State will then be required to prove by clear and convincing evidence that Thiel's waiver of counsel was knowing, intelligent and voluntary in

---

601 (1980), only to the extent that the court mandated the use of a plea colloquy in every case where an individual sought to proceed pro se, in order to demonstrate a knowing and voluntary waiver of the right to counsel.

order to satisfy the State's burden of overcoming the presumption of nonwaiver. *Id.* at 207.

¶ 21. Thiel also argues that the circuit court erred when it denied his request for the appointment of an expert pursuant to WIS. STAT. § 980.07. We agree.

¶ 22. At the time of Thiel's reexamination, WIS. STAT. § 980.07(1) provided in relevant part:

> At the time of a reexamination under this section, the person who has been committed may retain or, if he or she is indigent and so requests, the court may appoint a qualified expert or a professional person to examine him or her.

However, § 980.07(1) was amended by 1999 Wis. Act 9, § 3232 (effective October 28, 1999) and now reads in relevant part:

> At the time of a reexamination under this section, the person who has been committed may retain or seek to have the court appoint an examiner as provided under s. 980.03(4).

WISCONSIN STAT. § 980.03(4) mandates the appointment of an examiner on the patient's behalf at his or her request whenever the patient is required to submit to an examination under WIS. STAT. ch. 980.

¶ 23. The circuit court found WIS. STAT. § 980.07(1) to be discretionary and denied Thiel's request for a separate examination. We disagree with this interpretation of § 980.07.

■

¶ 24. Our decision turns upon the meaning of the word "may" as used in WIS. STAT. § 980.07(1). The mere presence of the word "may" does not always give rise to a discretionary power or duty. *Klisurich v. DHSS*, 98 Wis. 2d 274, 278, 296 N.W.2d 742 (1980). In some

cases, the term "may" is properly construed as mandatory. *Id.* If the word "may" means "may" and is discretionary, the circuit court had the authority to deny Thiel's request; however, if "may" means "must" or "shall" and is thus mandatory, the circuit court erred. *City of Wauwatosa v. Milwaukee County*, 22 Wis. 2d 184, 188, 125 N.W.2d 386 (1963). The latter "may" in the sentence must be read in light of the statute's amended language.

¶ 25. The first use of the word "may" in WIS. STAT. § 980.07(1) ("the person who has been committed may retain . . . .") affords Thiel the option of requesting a second expert. Thus, it is within Thiel's discretion whether to ask for an independent examination. However, if Thiel is indigent, as he alleged, and requests assistance from the court to obtain the second examination, the second use of the word "may" in § 980.07(1) is not discretionary, but mandatory. The second use of "may" does not offer the discretion to refuse such a request, but instead the latter "may" simply endows the circuit court with the authority to honor Thiel's request. The new language of the statute, obligating the court to appoint an expert upon an indigent patient's request, demonstrates that the legislature intended for the latter "may" to be mandatory. Thiel's § 980.07(1) request for the appointment of an expert was erroneously denied.

## CONCLUSION

¶ 26. Because Thiel was statutorily entitled to counsel at his WIS. STAT. § 980.09(2)(a) probable cause hearing, the *Klessig* standards for determining the validity of his waiver of the right to counsel apply. In addition, the circuit court erred when it denied Thiel's

request for appointment of an expert pursuant to WIS. STAT. § 980.07. We therefore reverse the order of the circuit court and remand this matter for proceedings consistent with this opinion, including an evidentiary hearing to determine if Thiel's waiver of counsel was knowingly, voluntarily and intelligently made.

*By the Court.*—Order reversed and cause remanded with directions.