In re the Commitment of Dennis Thiel:

State of Wisconsin, Petitioner-Respondent,

v.

Dennis Thiel, Respondent-Appellant.

Court of Appeals

*No. 03–2649. Submitted on briefs September 9, 2004.—Decided November 17, 2004.*

2004 WI App 225

(Also reported in 691 N.W.2d 388.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Suzanne L. Hagopian*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J. Dennis Thiel appeals a nonfinal order entered following his supervised release petition under WIS. STAT. § 980.08 (2001–02).[1] Thiel contends two examiners should have been appointed: one for the court under § 980.08(3), and one for him under WIS. STAT. § 980.03(4). He further contends that § 980.03(4) grants him his choice of examiner and that his current examiner is not qualified to administer or opine on the relevant test, the Psychopathy Checklist-Revised (PCL-R). He argues that the circuit court's refusal to appoint a court examiner under § 980.08(3) is error, and the court's appointment of a § 980.03(4) examiner who is not certified in the PCL-R test demonstrates an erroneous exercise of discretion. We agree and therefore reverse the order of the circuit court and remand this matter for proceedings consistent with this opinion.

## BACKGROUND

¶ 2. The State pursued commitment of Thiel as a sexually violent person under WIS. STAT. ch. 980. Since his commitment in November 1998, two rather protracted proceedings ensued to determine whether Thiel was ready for discharge or for supervised release into the community. Although this appeal arises from Thiel's

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

supervised release petition, we include information regarding the discharge proceedings because, to some extent, the events overlap.

¶ 3. Six months after his commitment, Thiel refused to waive his right to petition for discharge under WIS. STAT. § 980.09(2), thus requiring the circuit court to determine whether probable cause existed to warrant an evidentiary hearing on Thiel's status as a sexually violent person. Relying on a recent reexamination report submitted by the State, the court concluded that probable cause did not exist and no evidentiary hearing was required. Thiel appealed, and we reversed, holding that the circuit court erred when it denied Thiel an independent examiner and when it failed to accept a valid waiver of counsel. *See State v. Thiel*, 2001 WI App 32, ¶¶ 20–21, 241 Wis. 2d 465, 626 N.W.2d 26 (*Thiel I*). On remand, the circuit court granted Thiel's request to appoint Dr. Michael Kotkin to examine him and determine his readiness for discharge.

¶ 4. On June 14, 2000, while his discharge proceeding was on appeal, Thiel filed a petition for supervised release and requested that Dr. Kotkin be appointed as his expert in that matter as well. Subsequently, Thiel agreed to adjourn the supervised release matter pending resolution of his discharge hearing and various appeals.

¶ 5. By January 2003, Thiel had completed the Core program, a two-year treatment program, and had been living on the residential unit with the greatest patient privileges. Dr. Kotkin filed his report on February 21, 2003, and recommended supervised release for Thiel, but not discharge.

¶ 6. On March 13, the Sand Ridge Secure Treatment Center (Sand Ridge) informed Thiel of a revision in its policy whereby all patients with a PCL-R score of

702

twenty-seven or above were being moved from the two-year Core treatment program to the five-year Corrective Thinking program. Prior to the new policy, patients with a score above thirty were placed in the Corrective Thinking program. During Thiel's commitment, three doctors scored him differently on the PCL-R. The scores ranged from twenty to twenty-nine, with the average of the highest two test score results exceeding the new threshold score of twenty-seven. As a result, Sand Ridge concluded that under its new test score policy, Thiel would require the five-year Corrective Thinking program.

¶ 7. Dr. Susan Sachsenmaier, senior psychologist at Sand Ridge, filed a report one week later stating that Thiel had a "significant degree of psychopathy, which combined with sexual deviance, creates a high degree of risk of reoffense." In her report, Dr. Sachsenmaier referenced the PCL-R tests used to evaluate Thiel's need for treatment. She also stated that there was no indication Sand Ridge would modify Thiel's reassignment into the Corrective Thinking program to reflect his completion of the Core program. Dr. Sachsenmaier, however, said she did not believe Thiel would need five more years of treatment "to reduce his level of risk to the degree that he could earn a recommendation for supervised release."

¶ 8. Ultimately, the circuit court concluded that the facts did not warrant a discharge hearing, and Thiel requested permission to go forward with his petition for supervised release. He asked the court to appoint Dr. Patricia Coffey as his expert in the supervised release proceeding, pursuant to Wis. Stat. § 980.03(4). The court questioned the need to appoint Dr. Coffey in light of Dr. Kotkin's recent evaluation for the discharge hearing. Thiel argued that, unlike Dr. Kotkin, Dr.

Coffey was certified and trained in the use of the PCL-R and would be able to address the issues associated with that evaluation tool.

¶ 9. The circuit court held a hearing to address Thiel's request on July 21, 2003. At the motion hearing, the State agreed with Thiel that Dr. Coffey should be appointed. Nonetheless, the court, by letter dated July 31, advised the parties that WIS. STAT. § 980.03(4) did not apply to Thiel's petition for supervised release and that the court was willing to reappoint Dr. Kotkin as the court's examiner pursuant to WIS. STAT. § 980.08(3). The court's order states in relevant part:

> Respondent's request for the appointment of Dr. Patricia Coffey to examine Respondent pursuant to § 980.08(3) is denied for reasons stated on the record. In addition, Dr. Kotkin has already submitted a report stating that the Respondent is appropriate for conditional release while it is unknown whether Dr. Coffey would even support the Respondent's Petition for Conditional Release. To expend the funds for an expert who has not already treated the Respondent, nor has been previously appointed at the request of the Respondent . . . would be fiscally irresponsible in light of tight budgets . . . . The Court previously appointed Dr. Kotkin for the discharge hearing and he is being reappointed. The Court is satisfied and finds that Dr. Kotkin has the requisite specialized knowledge to be appointed in this matter even though not certified to administer the PCL-R test, he has not been shown to be unable to render opinions as to the test or its meaning.

¶ 10. Thiel renewed his objection to the appointment of Dr. Kotkin, adding that the circuit court's appointment of an examiner under WIS. STAT. § 980.08(3) did not address Thiel's right to an examiner

of his own under Wis. Stat. § 980.03(4). Thiel then filed a motion seeking to have Dr. Coffey appointed pursuant to § 980.03(4).

¶ 11. At a motion hearing on September 19, the State agreed that the statutes require the circuit court to appoint two evaluators, one for the court, and another for Thiel. Following this hearing, the court revised its earlier ruling and concluded that Thiel is entitled to the appointment of an expert under Wis. Stat. § 980.03(4). However, the court denied Thiel's motion to appoint Dr. Coffey and instead recast Dr. Kotkin's appointment under Wis. Stat. § 980.08(3) as an appointment under § 980.03(4), in effect changing Dr. Kotkin's status from the examiner for the court to Thiel's examiner. The court did not appoint a new examiner for the court under § 980.08(3). Thiel requested permission to appeal the nonfinal order, and we granted his request.

## DISCUSSION

¶ 12. Thiel raises three issues on appeal: (1) whether the circuit court must appoint an examiner for the court under Wis. Stat. § 980.08(3) when it has appointed an examiner for the petitioner under Wis. Stat. § 980.03(4); (2) whether an indigent party petitioning for supervised release under § 980.08 is entitled to an examiner of his or her choice under § 980.03(4); and (3) whether the court's appointment of Dr. Kotkin as Thiel's examiner was an erroneous exercise of discretion. We take each issue in turn.

*Appointment of Experts Under* WIS. STAT. *§§ 980.08(3)*
*and 980.03(4)*

¶ 13. The circuit court originally appointed Dr.
Kotkin under WIS. STAT. § 980.08(3), ordering him to
submit his examination report directly to the court. The
court subsequently revised its ruling and appointed Dr.
Kotkin as Thiel's examiner, with directions to submit
his report to Thiel's attorney instead of the court, and
left the § 980.08(3) examiner position vacant. We must
decide if the appointment of Dr. Kotkin as Thiel's
examiner relieved the court of its duty to appoint an
examiner for the court under § 980.08(3). The applica-
tion of a statute to a set of facts is a question of law
which this court reviews de novo. *Beaudette v. Eau
Claire County Sheriff's Dep't,* 2003 WI App 153, ¶ 20,
265 Wis. 2d 744, 668 N.W.2d 133.

¶ 14. WISCONSIN STAT. § 980.08 governs petitions
for supervised release, and directs the court as
follows: "Within 20 days after receipt of the petition,
the court *shall* appoint one or more examiners having
the specialized knowledge determined by the court to be
appropriate, who shall examine the person and furnish
a written report of the examination to the court within
30 days after appointment." Sec. 980.08(3) (emphasis
added). Our supreme court has repeatedly held that
statutory interpretation first looks to the language of
the statute and, "[i]f the meaning of the statute is plain,
we ordinarily stop the inquiry." *State ex rel. Kalal v.
Circuit Court for Dane County,* 2004 WI 58, ¶ 45, 271
Wis. 2d 633, 681 N.W.2d 110 (citation omitted). The
word "shall" in a statute is "presumed to be mandatory
when it appears in a statute, unless a different con-

struction is necessary to carry out the legislature's clear intent." *C.A.K. v. State*, 154 Wis. 2d 612, 621, 453 N.W.2d 897 (1990).

¶ 15. At the motion hearing, the State joined with Thiel in arguing that the circuit court should appoint two examiners, one for Thiel and one for the court. The State pronounced:

> I agree with [Thiel] that [Wis. Stat. §] 980.08 in conjunction with [Wis. Stat. §] 980.03(4) does require the Court to appoint another evaluator if the defendant requests it, and I agree that the appointment of Dr. Kotkin would be considered the one — one required of the Court to do and that there should be someone else.

¶ 16. The State has changed its position on appeal. Rather than joining in the assertion that two examiners are required as it did in the circuit court, the State now argues that Thiel is not entitled to an examiner of his own under Wis. Stat. § 980.03(4).[2] The legislature chose to grant the right to request an examiner to committed persons who are required to

___

[2] The State argues on appeal that Thiel had no right to an examiner because Wis. Stat. § 980.08 contains no cross-reference to Wis. Stat. § 980.03(4). Further, the State contends that a person filing for supervised release has not been "required to submit to an examination" within the meaning of § 980.03(4). The State argues that "by filing a petition for supervised release, the committed person has, in essence, asked the court to appoint examiners to examine his condition and suitability for supervised release." The State implies that because Thiel petitioned for supervised release, he is the one requiring the re-examination, not the State. The State is asking us to limit a committed person's right to request an examiner to those situations where "the State has required [the person] to undergo an examination in the course of the State's action against [that person]." The State, in effect, is appealing the court's order appointing an expert under § 980.03(4). No cross-

707

"submit to an examination *under this chapter*." *Id.* (emphasis added). We are satisfied that Thiel's WIS. STAT. § 980.08 petition for supervised release, which mandates the court to appoint an examiner under § 980.08(3), implicates this right.

¶ 17. The parties agree that the language of WIS. STAT. § 980.08(3) requires the circuit court to appoint an examiner for the court, and we concur. Unlike the examiner for the court, Thiel's examiner reports directly to him or, as in this case, his attorney, and his examiner's opinions are not discoverable unless the examiner is called to testify. *See State v. Rachel*, 224 Wis. 2d 571, 575–76, 591 N.W.2d 920 (Ct. App. 1999). Also, a petitioner's examiner participates in the proceeding "on the person's behalf." WIS. STAT. § 980.03(4). Because the two examiners clearly serve different purposes, we conclude that the appointment of Thiel's examiner under § 980.03(4) did not satisfy the mandate of § 980.08(3); therefore, the circuit court erred when it refused to appoint an examiner for the court.

*Petitioner's Right to Choice of Examiner Under*
*WIS. STAT. § 980.03(4)*

¶ 18. Thiel asserts that he, an indigent petitioner, is entitled to an examiner of his own choice under WIS. STAT. § 980.03(4). The statute provides in part:

> Whenever a person who . . . has been committed under s. 980.06 is required to submit to an examination under this chapter, he or she may retain experts or professional persons to perform an examination. If the person retains a qualified expert or professional person of his

appeal has been filed, however. We address the issue only to the extent it is related to Thiel's appellate issue.

or her own choice to conduct an examination, the examiner shall have reasonable access to the person for the purpose of the examination, as well as to the person's past and present treatment records, as defined in s. 51.30(1)(b), and patient health care records as provided under s. 146.82(2)(c). If the person is indigent, the court shall, upon the person's request, appoint a qualified and available expert or professional person to perform an examination and participate in the trial or other proceeding on the person's behalf. Upon the order of the circuit court, the county shall pay, as part of the costs of the action, the costs of an expert or professional person appointed by a court under this subsection to perform an examination and participate in the trial or other proceeding on behalf of an indigent person.

Sec. 980.03(4). Thiel contends that he not only has the right to request a court-appointed examiner, but to request an examiner of his own choice. The question presented involves the interpretation of § 980.03(4), and thus, it is a question of law that we review de novo. *See Rachel*, 224 Wis. 2d at 573.

¶ 19. In support of his position, Thiel presents a thorough analysis of grammatical principles, legislative history, and the need to harmonize statutes. He fails, however, to overcome the plain language of the statute. Specifically, WIS. STAT. § 980.03(4) provides that an indigent person may request an examiner and the court may "appoint a qualified and available expert" to serve in that role. "Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute." *Kalal*, 271 Wis. 2d 633, ¶ 44. "[L]egislative intent may become relevant to statutory interpretation in some circumstances, but is not the primary focus of inquiry. It is the enacted law, not the unenacted intent,

that is binding on the public." *Id.* Had the legislature intended to grant an indigent petitioner the right to an examiner of his or her own choice under § 980.03(4), it could have easily done so.

¶ 20. Our construction comports with companion statute WIS. STAT. § 980.07(1), which states that the committed person "may retain *or* seek to have the court appoint an examiner as provided under [WIS. STAT.] s. 980.03(4)." (Emphasis added.) We observe that the disjunctive construction of § 980.03(4) presents two alternatives: a person may retain an expert (of his or her own choice) *or* may ask the court to appoint a qualified and available expert. Thiel has requested that the circuit court appoint an examiner. To comply with the statute, the court must appoint an expert or professional person who is qualified and available. *Id.*

¶ 21. Thiel also argues that equal protection considerations require us to afford him the same rights as other similarly situated persons. He asserts that persons subject to WIS. STAT. § 51.20, involuntary commitment of the mentally ill, or WIS. STAT. § 971.17, commitment of persons found not guilty by reason of mental disease or defect, are similarly situated and provide meaningful comparison because "mentally ill persons who are committed under [WIS. STAT.] ch. 51 and persons found [not guilty by reason of mental disease or defect] and committed under § 971.17 are both entitled to a court-appointed expert of their choice in the reexamination process." The similarities between WIS. STAT. chs. 980 and 51 have not escaped us, and we agree that the re-examination process under ch. 980 may, under certain circumstances, be read in conjunction with ch. 51. *See State v. Anthony D.B.*, 2000 WI 94, ¶ 31, 237 Wis. 2d 1, 614 N.W.2d 435 (holding that the periodic review of a person's commitment under WIS.

STAT. § 980.07 should include a review of an order for involuntary medication under WIS. STAT. § 51.61(1)(g)).

¶ 22. We have, however, also observed that "[d]espite some fundamental similarities to other commitment proceedings, [WIS. STAT.] ch. 980 ultimately is unique and distinct from other civil commitment chapters." *Thiel I*, 241 Wis. 2d 465, 18. With regard to Thiel's WIS. STAT. § 980.03(4) request for an examiner, the distinction is clear. As discussed in the previous section, Thiel seeks appointment of an examiner who will file a report directly with him or his attorney and who will participate on his behalf. *See id.* In contrast, WIS. STAT. §§ 51.20(9)(a)5 and 971.17(4)(c) do not offer the patient the right to an examiner who will serve on his or her behalf; rather, they require the examiner to file a report with the court. We see no need to harmonize where there is no conflict between the statutes. *See Parker v. Percy*, 105 Wis. 2d 486, 492, 314 N.W.2d 166 (Ct. App. 1981) (where no conflict exists, we will not look beyond the plain words of the statutes). Accordingly, Thiel's proposition that he is similarly situated to §§ 51.20 and 971.17 committed persons fails due to the distinctly different examiner roles authorized under the statutes.

¶ 23. We conclude that the plain language of WIS. STAT. § 980.03(4) affords Thiel the right to a "qualified and available expert or professional person" who will be appointed by the court and paid for by the county. The court's refusal to adopt Thiel's broad reading of the right to an expert of choice was a proper interpretation of the statute.

*Qualifications of Expert Appointed Pursuant to*
*Wɪs. Stat. § 980.03(4)*

¶ 24. This brings us to the related issue of whether Dr. Kotkin is a qualified expert for the purposes of Wɪs. Stat. § 980.03(4) appointment as Thiel's examiner. The question of an expert witness' qualifications is a discretionary determination for the circuit court. *State v. Robinson*, 146 Wis. 2d 315, 332, 431 N.W.2d 165 (1988). We examine the circuit court's discretion by determining if the court compared the technical expertise of the witness to the complexity of the precise issue in the case. *Tanner v. Shoupe*, 228 Wis. 2d 357, 370, 596 N.W.2d 805 (Ct. App. 1999).

¶ 25. Thiel contends that Dr. Kotkin is not qualified to serve as his Wɪs. Stat. § 980.03(4) examiner because he is not certified in the PCL-R test, which is the instrument referenced in Dr. Sachsenmaier's March 2003 re-examination report. When Sand Ridge revised the scoring threshold for the PCL-R test, it placed Thiel into more restrictive confinement and routed him into the five-year Corrective Thinking program without consideration for his successful completion of the two-year Core program. At the July 21, 2003 motion hearing, the State joined with Thiel in requesting the appointment of Dr. Coffey as Thiel's examiner because she is certified in the PCL-R. The issue, therefore, is whether Dr. Kotkin has "technical and scientific expertise" in the PCL-R instrument, which presents the "precise question" of this case. *See Tanner*, 228 Wis. 2d at 370.

¶ 26. An appellate court will search the record for reasons to sustain the circuit court's discretionary de-

cision. *Randall v. Randall*, 2000 WI App 98, ¶ 7, 235 Wis. 2d 1, 612 N.W.2d 737. We will affirm discretionary determinations if they have a reasonable basis and are made in accord with the facts of record. *James v. Heintz*, 165 Wis. 2d 572, 578–79, 478 N.W.2d 31 (Ct. App. 1991).

¶ 27. Here, the court appointed Dr. Kotkin because "he is familiar with the case . . . . He has already been paid for his services and investigation and studies." The court also stated that it was "satisfied and finds that Dr. Kotkin has the requisite specialized knowledge to be appointed in this matter even though not certified to administer the PCL-R test, he has not been shown to be unable to render opinions as to the test or its meaning." Further, the court stated, "I think any psychologist worth their Ph.D. would very handily be able to explain what that test is and what it does and what the numbers mean and how they should or shouldn't vary between the different examiners."

¶ 28. Sand Ridge, an agency of the Wisconsin Department of Health and Family Services, revised the scoring threshold for the PCL-R test while Thiel was pursuing discharge and supervised release. Sand Ridge's new scoring policy and its consequences for Thiel are clearly key issues in his supervised release proceeding. Yet, on appeal, the State argues that Thiel does not require the benefit of an expert who is certified in the PCL-R test. We disagree. Dr. Kotkin's lack of PCL-R training and certification in the PCL-R evaluation tool is directly related to his "technical and scientific expertise" in the "precise question" of this case. *See Tanner*, 228 Wis. 2d at 370. In particular, the circuit court should have considered Dr. Kotkin's competence to comment on the significance of the revised scoring threshold implemented by Sand Ridge. Because there is no record evidence that the court exercised its discre-

tion in this regard, we remand the matter with instructions for the court to appoint a qualified expert for Thiel under WIS. STAT. § 980.03(4).

## CONCLUSION

¶ 29. We conclude that the circuit court must appoint an examiner for the court under WIS. STAT. § 980.08(3) regardless of whether the court also appointed an examiner for the petitioner under WIS. STAT. § 980.03(4). We further conclude that an indigent party petitioning for supervised release under § 980.08 is not entitled to an examiner of his or her choice under § 980.03(4), but is entitled to a "qualified and available" court-appointed examiner. Finally, we conclude that the court's appointment of Dr. Kotkin as Thiel's examiner was an erroneous exercise of discretion. The matter is hereby remanded to the circuit court for appointment of an examiner for the court pursuant to § 980.08(3) and for appointment of a § 980.03(4) examiner who is qualified to opine on the PCL-R evaluation tool and the revised scoring policy.

*By the Court.*—Order reversed and cause remanded with directions.