IN RE the COMMITMENT OF Bradley M. JONES:

STATE of Wisconsin, Petitioner-Respondent,

v.

Bradley M. JONES, Respondent-Appellant.

Court of Appeals

*No. 2013AP321. Submitted on briefs September 25, 2013.
—Decided November 13, 2013.*

2013 WI App 151

(Also reported in 841 N.W.2d 306.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Steven D. Phillips*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Robert G. Probst*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. NEUBAUER, P.J. WISCONSIN STAT. § 980.07 (2011–12)[1] mandates annual reexamination of persons committed to secure treatment facilities as sexually violent persons. Following the Department of Health Services' annual reexamination, Bradley M. Jones requested and was denied appointment of an independent examiner and counsel prior to review of his petition for discharge. Under the applicable statutes, committed individuals are entitled to retain, or have the court appoint, an independent examiner at the time of the annual reexamination and counsel when the reexamination and treatment progress reports are filed with the circuit court—before the circuit court proceeds to review the petition for discharge. Because the circuit court did not address Jones's request for appointment of an independent examiner and counsel before reviewing and denying his petition for discharge, we reverse and remand for further proceedings.

## FACTS

¶ 2. Jones was committed under WIS. STAT. ch. 980 in 2005. On May 22, 2012, in connection with its required annual reexamination, the department notified Jones of the pending reexamination and informed him that he was entitled to an attorney and an independent examiner. On that same day, Jones filled out a department form entitled Request for Appointment of Counsel and/or Examiner, indicating that he wanted both counsel and an independent examiner to be appointed. The department completed its reexamination and submitted its reexamination and treatment

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

progress reports to the circuit court on July 13, 2012, along with Jones's request for counsel and an independent examiner.

¶ 3. On July 26, 2012, Jones filed a petition for discharge. On the form petition, Jones checked the box next to, "I am no longer 'more likely than not' to commit an act of sexual violence because . . .:" Underneath, Jones wrote:

> The relevant facts will be determined by counsel at such time as counsel is appointed, and will be based upon the evaluation of an independent psychologist when such psychologist is appointed and files his/her independent evaluation report. I hereby reserve the right for counsel to amend and/or supplement this petition.

The State moved to deny Jones's petition, arguing that it failed to allege sufficient facts from which the circuit court or a jury could conclude that Jones no longer met the criteria for commitment.

¶ 4. Four days after Jones filed his petition, the circuit court denied Jones's petition for discharge without a hearing. Jones's petition did not meet the standard to survive WIS. STAT. § 980.09(1),[2] which provides for denial of a petition if it does not state facts sufficient for a court or jury to conclude that the petitioner no longer satisfies the conditions of commitment under WIS. STAT. ch. 980. Jones's motion to vacate this order was denied. Jones appeals, arguing that ch. 980 requires the appointment of an independent examiner and counsel, if requested by an indigent person, at the time of the annual reexamination and filing of the attendant reports, respectively. We agree and reverse.

---

[2] The initial textual section of WIS. STAT. § 980.09 is not numbered. The second subsection is labeled (2). We refer to the first subsection as (1).

## DISCUSSION

### *Standard of Review*

■

¶ 5.   This case turns on the interpretation of statutes, which presents a question of law we review de novo. *State v. Arends*, 2010 WI 46, ¶ 13, 325 Wis. 2d 1, 784 N.W.2d 513.

### *Right to Counsel when the Department Submits Its Annual Reexamination and Treatment Progress Reports*

■

¶ 6.   WISCONSIN STAT. § 980.07 requires the department to conduct an annual reexamination of a person committed to a secure treatment facility as a sexually violent person under WIS. STAT. § 980.06. The department must submit reports of the reexamination and treatment progress to the circuit court. Sec. 980.07(6). Under WIS. STAT. § 980.075(1), "When the department submits its report to the court," the petitioner may retain an attorney or have the circuit court appoint an attorney if he or she cannot afford one as provided in WIS. STAT. § 980.03(2)(a).[3] Specifically, § 980.075, "Patient petition process," states:

> **(1)** When the department submits its report to the court under [§] 980.07(6), the person who has been committed under [§] 980.06 may retain or have the court appoint an attorney as provided in [§] 980.03(2)(a).

---

[3] WISCONSIN STAT. § 980.03(2)(a) states:  "Counsel. If the person claims or appears to be indigent, the court shall refer the person to the authority for indigency determinations under [WIS. STAT. §] 977.07(1) and, if applicable, the appointment of counsel."

Subsection 980.075(5) mandates that the circuit court refer the matter for an indigency determination and appointment of counsel, as set forth in § 980.03(2)(a), before proceeding to review a petition for discharge under WIS. STAT. § 980.09, as soon as circumstances permit:

> **(5)** Subject to [§] 980.03(2)(a), before proceeding under [WIS. STAT. §§] 980.08 or 980.09 but as soon as circumstances permit, the court shall refer the matter to the authority for indigency determinations . . . and appointment of counsel . . . if the person is not represented by counsel.

¶ 7. The State ignores WIS. STAT. § 980.075. Instead, the State argues that after the legislature repealed and recreated WIS. STAT. § 980.09 in 2005 and put in place a multistep review process for petitions for discharge that included an initial paper-only review, annual reexamination petitioners were not entitled to counsel prior to this paper review. However, the State also ignores that § 980.075(5), enacted at the same time as the repeal and recreation of § 980.09, mandates that the circuit court "shall" refer the matter for an indigency determination and appointment of counsel *before* proceeding under § 980.09.

¶ 8. WISCONSIN STAT. § 980.09, "Petition for discharge," governs procedure for all discharge petitions. This section permits a committed person to file a petition for discharge at any time. *Id.* The circuit court "shall deny the petition" if it does not set forth facts from which a fact finder could conclude that the committed person does not meet the criteria for commitment. *Id.* If the petition passes this paper review, the circuit court shall further review the petition, conducting a limited review of the sufficiency of the evidence.

*Arends*, 325 Wis. 2d 1, ¶ 43. At this second step, the circuit court may conduct a hearing. Sec. 980.09(2). If the petition survives this further review, the circuit court shall hold a hearing at which the State bears the burden of proving that the person meets the criteria for confinement as a sexually violent person. Sec. 980.09.

¶ 9. The State relies on Wis. Stat. § 980.03(2), which lists the rights of persons subject to petition and grants the right to counsel "at any hearing" under Wis. Stat. ch. 980. The State further points out that § 980.03(2) indicates that the listed rights apply "[e]xcept as provided in [Wis. Stat. §] . . . 980.09." Because the paper review is not a hearing, and because the petition for discharge is reviewed under § 980.09, maintains the State, Jones is not entitled to counsel.

¶ 10. Regarding the "at any hearing" language in Wis. Stat. § 980.03(2), the previous version of Wis. Stat. ch. 980 required a hearing for a discharge petition. *See* Wis. Stat. § 980.09(1)(a), (2)(a) (1993–94). In 2005, the legislature replaced the hearing as the screening method for petitions with the paper review. 2005 Wis. Act 434, § 123. In that same act, the legislature enacted Wis. Stat. § 980.075, which, as discussed above, provides for a court-appointed attorney for the committed person when the department conducts the annual reexamination and submits the report to the circuit court. 2005 Wis. Act 434, § 111. Further, that same statute, § 980.075(5), prohibits the circuit court from proceeding on a reexamination discharge petition under § 980.09 before referring the matter for an indigency determination and appointment of counsel. Notably, the § 980.075(5) prohibition refers to § 980.09 *in its entirety* and emphasizes that the referral is to happen as soon as circumstances permit; it does not authorize the circuit court to wait until after the paper review has

taken place. There is no indication that the general provision of the right to counsel "at any hearing" serves as a limitation on the unequivocal requirement that counsel be provided *before* the circuit court proceeds to review a petition for discharge submitted in conjunction with an annual reexamination. Thus, when the legislature took away the obligatory hearing on every discharge petition, it extended the right to counsel from the onset for discharge petitions filed in conjunction with the annual reexamination.

¶ 11. The right to counsel at the time of the annual reexamination is a more specific statute than those statutes governing WIS. STAT. ch. 980 procedure in general. WISCONSIN STAT. § 980.03 is the general statute regarding a committed person's rights under ch. 980. WISCONSIN STAT. § 980.09 outlines the general procedure for the review of all petitions for discharges, governing those filed in conjunction with the annual reexamination and those filed "at any time." WISCONSIN STAT. § 980.075, on the other hand, grants a specific right at a specific time: the committed person's right to counsel when the department conducts its annual reexamination. The specific language of a statute should govern over the more general unless it appears the legislature intended to make general language controlling. *State v. Amato*, 126 Wis. 2d 212, 217, 376 N.W.2d 75 (Ct. App. 1985) (where one statute deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, unless it appears that the legislature intended to make the general act controlling). We see nothing in § 980.03(2) that suggests that the legislature intended to preempt the clear prohibition against proceeding on an annual reexamination petition for discharge prior to

referral for an indigency determination and appointment of counsel under § 980.075. These provisions provide different rights under different circumstances. To the extent there is any conflict between the § 980.075 right to counsel at the time of reexamination and the general § 980.03(2) right to counsel at any hearing, § 980.075 controls.

*Right to Independent Examiner at
the Time of Reexamination*

■

¶ 12.   In addition to counsel, Jones had the right to an independent examiner. WISCONSIN STAT. § 980.07(1) mandates, "At the time of a reexamination under this section, the person who has been committed may retain or have the court appoint an examiner as provided under [WIS. STAT. §] 980.031(3)." *See also Arends*, 325 Wis. 2d 1, ¶ 9 n.7, ¶ 16 (committed person has the right to independent examiner at reexamination). Section 980.031(3) reiterates that a committed person subject to the annual statutorily mandated reexamination has a right to an independent examiner. It further provides that if the person is indigent

> the court shall, upon the person's request, appoint a qualified and available licensed physician, licensed psychologist, or other mental health professional to perform an examination of the person's mental condition and participate on the person's behalf in a trial or other proceeding under this chapter at which testimony is authorized.

The State concedes that, under *State v. Thiel*, 2001 WI App 32, ¶¶ 22–25, 241 Wis. 2d 465, 626 N.W.2d 26, a circuit court has no discretion under § 980.07(1) to deny a request for the appointment of an independent examiner.

¶ 13.   The State argues that the statute's reference to the independent examiner's participation at trial or other proceeding at which testimony is authorized supports its contention that the circuit court is not required to appoint an independent examiner until after the discharge petition is determined to allege sufficient facts to warrant a hearing. We disagree. WISCONSIN STAT. § 980.07(1) states that the committed person may retain or have the court appoint an independent examiner "[a]t the time of a reexamination," and WIS. STAT. § 980.031(3) requires the circuit court to appoint, upon request, an independent examiner to perform an examination of the individual's mental condition. That the independent examiner is also to participate at trial or a hearing involving testimony does not limit his or her initial role in examining the committed person "at the time of a reexamination." The committed person does not have to wait until his or her petition has passed the paper review; indeed, the independent examiner is meant to help assess the petitioner's readiness for discharge and gather facts to support the petition, if appropriate. *See* WIS. STAT. § 980.075(4)(a) ("The petitioner may use experts or professional persons to support his or her petition."); *Arends,* 325 Wis. 2d 1, ¶ 25 & n.17 (paper review is of the petition and its attachments).

*The Circuit Court's Error Was Not Harmless.*

¶ 14.   The State argues that any error in denying Jones's requests for appointed counsel and an independent examiner and in the dismissal of the petition for discharge without hearing was harmless error. As the beneficiary of the error, the State bears the burden of demonstrating that there was no reasonable possibility

96

that the error contributed to the result. *See State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). But the State itself acknowledges that we do not know what an independent examiner would have concluded, nor do we know what counsel would have alleged in the petition. The State has not shown the circuit court's error to be harmless.

## CONCLUSION

¶ 15.   Under Wis. Stat. ch. 980, persons committed to secure treatment facilities as sexually violent persons are entitled to an independent examiner at the time of reexamination and are entitled to counsel when the State files its annual reexamination and treatment progress reports. We reverse the circuit court's orders dismissing Jones's petition before addressing his request for appointment of an independent examiner and counsel and remand for further proceedings not inconsistent with this opinion.

*By the Court.*—Orders reversed and cause remanded.