COURT OF APPEALS
DECISION
DATED AND FILED

January 10, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1453-CR**

Cir. Ct. No.  2018CF4404

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOVON DIANTE BETHLY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  JOSEPH R. WALL and GLENN H. YAMAHIRO, Judges. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jovon Diante Bethly appeals a judgment of conviction entered after he pled guilty to one count of first-degree sexual assault and one count of second-degree sexual assault with the use of force. He also appeals an order denying his postconviction motion, which sought plea withdrawal on the ground that his trial counsel guaranteed him an aggregate fifteen-year term of initial confinement if he pled guilty to the two counts. In this court, Bethly challenges the credibility determinations that the circuit court made following a postconviction hearing at which Bethly and his trial counsel testified. Bethly contends that the circuit court erroneously found trial counsel substantially more credible than Bethly and therefore wrongly rejected Bethly's testimony that his trial counsel made a sentencing guarantee. Bethly seeks a new postconviction hearing as a remedy. We reject his contentions and affirm the judgment and the postconviction order.[1]

## Background

¶2 The State alleged in a criminal complaint that a man seized T.L.D. at gunpoint on September 1, 2018, while she was walking with her boyfriend. The gunman ordered T.L.D. into his car, drove some distance, and then repeatedly sexually assaulted her before releasing her. The State further alleged that on September 9, 2018, K.N.R. was exercising her dog when a man ordered K.N.R. into his vehicle at gunpoint, drove the vehicle to another area, and sexually assaulted her. The gunman released K.N.R. after stating that he would kill her if she reported the incident. T.L.D. and K.N.R. each viewed a live line-up, and both women identified Bethly as the gunman who had assaulted them.

---

[1] The Honorable Joseph R. Wall presided over Bethly's sentencing hearing and entered the judgment of conviction. The Honorable Glenn H. Yamahiro presided over the postconviction hearing and entered the adverse postconviction order.

2

¶3 The State charged Bethly with two counts of first-degree sexual assault, a Class B felony, and two counts of kidnapping by use of a dangerous weapon, a Class C felony, all as a repeat felony offender. *See* WIS. STAT. §§ 940.225(1)(b), 940.31(1)(a), 939.63(1)(b), 939.62(1)(c), 939.50(3)(b)-(c) (2017-18).[2] The State also charged Bethly with one count of possessing a firearm while a felon, a Class G felony. *See* WIS. STAT. §§ 941.29(1m)(a), 939.50(3)(g). Thus, if convicted as charged, Bethly faced aggregate penalties of a 244-year term of imprisonment and fines totaling $225,000.

¶4 Bethly reached a plea agreement with the State. He agreed to plead guilty to first-degree sexual assault of T.L.D. and to an amended charge of second-degree sexual assault of K.N.R. The State agreed to recommend "substantial prison" as a disposition and to move to dismiss and read in the remaining charges and penalty enhancers. The case proceeded to a plea hearing. During the plea colloquy, the circuit court advised Bethly that it would listen to recommendations from the parties, the victims, and anyone who spoke on Bethly's behalf, "but then sentence [Bethly] as [the circuit court] sees fit, which could be up to and including the maximum penalty." Bethly said that he understood. Bethly also said that he had not been threatened or promised anything to induce his guilty pleas and that he was pleading guilty because he was guilty. The circuit court accepted Bethly's guilty pleas.

¶5 The circuit court ordered a presentence investigation by the Department of Corrections. The investigator interviewed Bethly, who admitted that the criminal complaint was accurate and that he had sexually assaulted both T.L.D.

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

and K.N.R. He said that he was "truly sorry" for his crimes, that he "[took] responsibility for what [he] did," and that he "believe[d] that as a result of his actions he w[ould] be sentenced to a lot of time."

¶6 At sentencing, Bethly faced maximum aggregate penalties of 100 years of imprisonment and a $100,000 fine. *See* WIS. STAT. §§ 940.225(1)(b), 940.225(2)(a), 939.50(3)(b)-(c). The State, as promised, recommended a substantial prison sentence. Bethly exercised his right to allocution. He apologized, took responsibility for his actions, and said that he "chose to commit those crimes against [his] better judgment." Bethly's trial counsel then urged the circuit court to impose an evenly bifurcated thirty-year term of imprisonment. The circuit court imposed an aggregate sentence of forty years of initial confinement and twenty years of extended supervision.

¶7 Bethly moved for postconviction relief. As relevant here, he alleged that his trial counsel was ineffective because trial counsel improperly "guaranteed ... that [Bethly] would receive no more than fifteen years of initial confinement" if Bethly accepted the plea agreement. *Cf. **Young v. State***, 49 Wis. 2d 361, 367, 182 N.W.2d 262 (1971) (explaining that the outcome of a sentencing proceeding cannot be "predetermined" because sentencing is "for the judge, and judge alone, to decide"). Bethly further alleged that, if he had known that the sentencing guarantee was illusory, he would not have accepted the plea agreement and would have insisted on a trial.

¶8 The circuit court conducted an evidentiary hearing at which trial counsel and Bethly were the only witnesses. Trial counsel denied that he had made any sentencing guarantees to Bethly, and trial counsel further testified that he had never guaranteed a sentencing outcome in his thirty-six years of law practice.

4

Rather, trial counsel testified that he "probably told [Bethly] that if he went to trial he was facing in excess of 100 years of exposure." Additionally, trial counsel told Bethly that "the evidence [against him] was very difficult to overcome, particularly the D.N.A., and that if [Bethly] went to trial he was very likely to be convicted.[3] Further, "[t]he case was drawing media attention," which trial counsel thought "would be a negative factor at sentencing if [Bethly] were convicted."

¶9    Bethly testified differently. According to Bethly, his trial counsel guaranteed that Bethly would receive fifteen years of initial confinement if he pled guilty. Bethly testified that trial counsel used the word "guarantee" in describing the sentencing outcome, and Bethly understood that this reflected a "for sure thing." Bethly said that he would not have pled guilty if he had not received this guarantee because he was innocent and had wanted to tell his side of the story to a jury. Bethly added that when he agreed to plead guilty, trial counsel was visibly relieved and "that it was like [trial counsel] wiped the imaginary sweat from his forehead."

¶10    On cross-examination, Bethly admitted that he had three prior criminal convictions. He said that he had pled guilty in each of his prior cases and that he understood in those cases that "it would be the judge who decides the sentence." Bethly also acknowledged telling the judge when he pled guilty in this case that no one had promised him anything in exchange for his guilty pleas. During a brief redirect examination, Bethly explained why he did not "speak out" during the plea colloquy when asked if anyone had promised him anything: "I thought that by taking my lawyer's advice that he had my best interests at hand, so I was complying with what he told me to do."

---

[3] The specifics of the potential D.N.A. evidence in this case are not revealed in the record.

¶11    At the conclusion of the testimony, the circuit court found trial counsel "substantially more credible" than Bethly and "did not believe the defendant here." The circuit court stated that "quality" defense lawyers do not make guarantees to their clients and that Bethly's trial counsel was "one of the best criminal defense lawyers in the State." The circuit court also noted that it had observed trial counsel's courtroom performance for several decades and that trial counsel did not "get nervous" about taking a case to trial. The circuit court went on to find that "there is no basis here to guarantee anything," and to infer that "there is buyer's remorse ... because of the sentence that was handed out." The circuit court then concluded: "I see no basis here in this record, based on the testimony, based on the [c]ourt's knowledge and my experience observing [trial counsel] practice law over many, many years, I don't find the defense has met its burden and it is not that close, so the motion is denied." The circuit court entered an order denying Bethly's motion for plea withdrawal, and he now appeals.

**Discussion**

¶12    A defendant seeking to withdraw a plea after sentencing must establish by clear and convincing evidence that plea withdrawal is necessary to correct a manifest injustice. *See* ***State v. Thomas***, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836. Whether to grant relief rests in the circuit court's discretion. *See **id.***, ¶13. We "search the record for reasons to sustain the circuit court's discretionary decision[s]," and we affirm them "if they have a reasonable basis and are made in accord with the facts of record." ***State v. Thiel***, 2004 WI App 225, ¶26, 277 Wis. 2d 698, 691 N.W.2d 388.

¶13    One way for a defendant to prove a manifest injustice warranting plea withdrawal is by demonstrating that the defendant received ineffective assistance of

counsel. *See State v. Cain*, 2012 WI 68, ¶26, 342 Wis. 2d 1, 816 N.W.2d 177. To prevail, the defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires the defendant to show that trial counsel's performance was deficient and that the deficiency prejudiced the defendant. To prove deficiency, the defendant must show that trial counsel's actions fell below an objective standard of reasonableness. *See id.* at 687-88. To prove prejudice in the context of a motion for plea withdrawal, the defendant "must allege facts to show 'that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Bentley*, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (citation omitted). A court may consider either prong of the *Strickland* test first, and if the defendant fails to satisfy one prong, the court need not consider the other. *See id.*, 466 U.S. at 697.

¶14 On appeal, we apply a mixed standard of review to the question of whether the defendant received ineffective assistance of counsel. *See State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). We uphold the circuit court's findings of fact unless they are clearly erroneous, but we independently determine whether trial counsel's performance was deficient and whether any deficiency prejudiced the defendant. *See id.* at 127-28.

¶15 In this case, Bethly challenges the circuit court's credibility assessments. "The [circuit] court is the sole arbiter of credibility issues and will be sustained if facts in the record support the court's conclusions." *State v. Sloan*, 2007 WI App 146, ¶21, 303 Wis. 2d 438, 736 N.W.2d 189. We defer to the circuit court's credibility assessments because the circuit court has a "superior opportunity ... to observe the demeanor of witnesses and to gauge the persuasiveness of their testimony." *State v. Searcy*, 2006 WI App 8, ¶35, 288 Wis. 2d 804, 709 N.W.2d 497 (citation omitted).

¶16 Bethly acknowledges that this case presents a "classic credibility dispute requiring resolution by the circuit court," but he argues that we should not defer to the circuit court's credibility assessments here. He contends that the circuit court made "a conclusory finding that [trial counsel] was more credible than [] Bethly" but "failed to provide an adequate explanation for that discretionary determination." He argues that we must reverse and remand for a new hearing because, in his view, the circuit court's credibility determinations were neither grounded on facts in the record nor on findings regarding the witnesses' "demeanor or presentation." We disagree with Bethly's contentions, and we reject his claim.

¶17 The circuit court explained that it disbelieved Bethly and found him less credible than trial counsel in light of the circuit court's observations of trial counsel, the testimony presented, and the record. To be sure, the circuit court could have provided a more thorough discussion of why the record supported the credibility determinations that underpinned the circuit court's evaluation of the testimony, and we urge circuit courts to include such a discussion in future cases. A detailed discussion of how specific components of the record influence specific credibility assessments assists the parties in understanding the outcome of the proceedings and also facilitates our review in the event of an appellate challenge. The absence of such a discussion, however, does not undermine the circuit court's findings or require further proceedings in this case.

¶18 To the contrary, "there is no precedent requiring the [circuit] court to explicitly explain why it finds one witness more credible than another." *State v. Young*, 2009 WI App 22, ¶18, 316 Wis. 2d 114, 762 N.W.2d 736. Rather, we adhere to the principle that "the weight of the testimony and the credibility of the witnesses are matters peculiarly within the province of the [circuit] court acting as the trier of fact." *Id.*, ¶17 (citation omitted). Accordingly, we will "not reweigh the

8

evidence or reassess the witnesses' credibility, but will search the record for evidence that supports findings the [circuit] court made, not for findings it could have made but did not." *Id.* (citation omitted). Here, the record overwhelmingly supports the circuit court's findings that trial counsel was credible and that Bethly was not.

¶19 First, Bethly testified at the postconviction hearing that trial counsel "guaranteed" Bethly a fifteen-year term of initial confinement. During the plea colloquy, by contrast, Bethly told the circuit court that he had not received any promises that induced his guilty pleas. Bethly suggests that these clearly irreconcilable answers do not undermine his credibility because he justified them during the postconviction hearing, testifying that he "didn't speak out" about the alleged sentencing guarantee because he thought he was furthering his "best interests." Bethly's acknowledgement that his self-interest colored his statements in the courtroom supports the circuit court's decision to disbelieve his testimony. *See State v. Fry*, 131 Wis. 2d 153, 183, 388 N.W.2d 565 (1986), *overruled on other grounds by State v. Dearborn*, 2010 WI 84, ¶3, 327 Wis. 2d 252, 786 N.W.2d 97 (recognizing that a defendant's self-interest alone is a reason to conclude that the defendant is not credible).

¶20 Second, Bethly acknowledged his understanding during the plea colloquy that the circuit court was not bound by the parties' sentencing recommendations but would sentence him "as th[e] judge sees fit, which could be up to and including the maximum penalty." During the postconviction hearing, however, he offered wholly inconsistent testimony that, based on a "guarantee" from his trial counsel, he understood that a fifteen-year term of initial confinement was a "sure thing." This conflicting testimony supports a conclusion that he was not a credible witness. *See State v. Harrell*, 40 Wis. 2d 536, 547-48, 162 N.W.2d

590 (1968) (observing that "[i]t is universally recognized that when a witness gives inconsistent statements his credibility is, as a consequence, impaired").

¶21    Third, Bethly testified at the postconviction hearing that he had three prior criminal convictions. Nothing in the record suggests that his trial counsel had a criminal history. "Wisconsin law presumes that criminals as a class are less truthful than persons who have not been convicted of a crime." **State v. Gary M.B.**, 2004 WI 33, ¶21, 270 Wis. 2d 62, 676 N.W.2d 475.

¶22    Fourth, Bethly admitted at the postconviction hearing that he had pled guilty in the past and understood in those prior cases that the judge decides the sentence. His admission undermined the credibility of his testimony that he believed he had received a sentencing guarantee from his trial counsel in the instant case, because a defendant's familiarity with court procedures supports a conclusion that the defendant "knew his exact situation and the alternatives open to him." **Drake v. State**, 45 Wis. 2d 226, 232, 172 N.W.2d 664 (1969).

¶23    Fifth, Bethly's plea agreement more than halved his potential imprisonment. This risk reduction constituted a substantial incentive to accept a plea agreement rather than proceed to trial. *See* **State v. Rockette**, 2005 WI App 205, ¶31, 287 Wis. 2d 257, 704 N.W.2d 382 (recognizing that a plea agreement greatly reducing the maximum incarceration constitutes a "compelling incentive" to enter a guilty plea). Bethly, however, testified at the postconviction hearing that he would have rejected the benefits of the plea agreement and insisted on a trial but for the "guarantee" of a fifteen-year term of initial confinement, even though he was "facing substantial exposure if [he] went to trial." In light of the incentive to plead guilty that the favorable plea agreement entailed, the circuit court could reasonably

conclude that Bethly was not credible when he insisted that trial counsel's alleged guarantee was the sole factor dictating his decision to resolve the case with a plea.

¶24 Finally, Bethly testified at the postconviction hearing that he was innocent, but during his plea colloquy, his sentencing hearing, and his interview with the presentence investigator, he said that he was guilty and apologized for his crimes. As the State emphasizes, Bethly failed to reconcile those contradictory positions or to buttress his belated claim of innocence with supporting evidence. Bethly's response is that he is not required to prove his innocence in order to prevail on a motion for plea withdrawal. That response misses the point. At issue on appeal is Bethly's challenge to the circuit court's assessment of his credibility; Bethly's inconsistent statements about his guilt support the circuit court's conclusion that he was not credible. *See Harrell*, 40 Wis. 2d at 547-48.

¶25 Accordingly, we reject Bethly's contention on appeal that "neither [trial counsel's nor Bethly's] testimony reveals any significant reasons to doubt their version of events." Rather, the record is replete with support for the circuit court's finding that Bethly was not credible. The circuit court was not required to supplement that finding with further commentary or analysis. *See Young*, 316 Wis. 2d 114, ¶20.

¶26 In sum, although Bethly testified that his trial counsel guaranteed him a fifteen-year term of initial confinement if he pled guilty, the circuit court did not believe his testimony. We have no basis to disturb that credibility assessment. We therefore conclude that Bethly failed to satisfy his burden to prove that his trial counsel performed deficiently by inducing Bethly's guilty plea with an illusory promise. Because Bethly failed to prove a deficiency in trial counsel's performance, we need not and do not reach the question of whether Bethly demonstrated any

11

prejudice from the alleged deficiency. *See **Strickland***, 466 U.S. at 697. Bethly's failure to satisfy the deficiency prong of ***Strickland*** dooms his claim that ineffective assistance of counsel warrants plea withdrawal. *See **id.*** For all the foregoing reasons, we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).